



FILED

MAR 3 1 2008
Mar 31, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHARLES NAPOLI, On Behalf of     :
Himself and All Others Similarly     :
Situated,     :
    :
        Plaintiff,     :
    :
      v.     :
    :
SEARS, ROEBUCK AND CO.,     :
    :
        Defendant.     :

**08CV1832**
**JUDGE KENNELLY**
**MAG. JUDGE VALDEZ**

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

### CLASS ACTION COMPLAINT

Plaintiff, Charles Napoli ("Plaintiff"), by and through his undersigned counsel, on behalf

of himself and all other persons and entities similarly situated, alleges the following facts and

claims upon knowledge as to matters relating to himself and upon information and belief as to all

other matters and, by way of this Complaint, avers as follows:

### INTRODUCTION AND SUMMARY OF ACTION

1.     Plaintiff brings this class action on behalf of himself and all others similarly

situated against Defendant, Sears, Roebuck and Co. ("Defendant" or "Sears"), to obtain, *inter*

*alia*, damages and injunctive relief for the proposed class ("Class"), as defined below.

2.     As alleged and explained more fully below, Sears has misrepresented and

concealed material information in the marketing, advertising, sale, warranting and servicing of its

Kenmore HE2, HE2t, HE3, HE3t, HE4t, HE5t and other Front-Loading Automatic Washers (the

1

"Washing Machines" or "Machines"), certain of which are marketed and sold as part of Defendant's Kenmore Elite line of appliances.

3.    Sears has misrepresented and concealed material facts regarding the Washing Machines, including a serious design defect that causes the Washing Machines to: (a) accumulate mold and mildew within the Washing Machines; (b) produce a moldy odor that permeates consumers' homes if the doors to the Washing Machines are left open; (c) produce a mold and mildew odor on clothes washed in the Machines; and (d) be unusable in the manner, to the extent to and for the purpose for which the Washing Machines were advertised, marketed and sold as a result of the mold and mildew accumulation and odor problems described above.

4.    Upon information and belief, Sears knew and was aware, prior to marketing and selling the Washing Machines, that the Machines were inherently defective in that they were substantially likely to cease working in the manner that they were intended to perform during their useful life with normal use and shortly after one year of use.  Nevertheless, Sears failed and refused to warn its customers of the serious defect inherent in the Washing Machines or to warn them of the problems that they would likely encounter when the Machines began to accumulate mold as result of the defect at issue in this case.

5.    Sears has refused, and continues to refuse, to warn consumers about the defect inherent in the Washing Machines or to effectively remedy the problems and defect inherent in the Machines.  Unwilling to admit knowledge of the extent of the problem or fault, Sears has sat silently while consumers have purchased these defective products, and continues to sit silently today, as an unacceptable percentage of the Washing Machines become effectively unusable.

6.     As a result of the design defect that plagues the Washing Machines, Plaintiff and other members of the Class have overpaid for the Machines because the value of the Machines was diminished at the same time that they were sold to consumers. In light of Sears' knowledge of the problems associated with and the serious nature of the defect at issue, Sears knew, or should have known, that it was selling the Washing Machines to consumers with a value that was substantially less than they reasonably should have expected to receive and been able to rely upon receiving when purchasing the Machines under all of the circumstances.

7.     As a result of the mold and mildew odor that permeates many clothes and other items, including towels, that are "washed" in the Machines, many consumers have been forced to replace clothes, towels and other items that literally have been ruined by the defect in these Washing Machines.

8.     Sears also has profited, either directly or indirectly, by concealing the nature of the defect because, by misrepresenting its knowledge regarding the defect at issue and misrepresenting the cause of the problems associated with the defect to consumers, Sears has been able to convince a large number of consumers to purchase the Washing Machines and to pay Sears for repair services (from which Sears earns a profit) to address the problems arising from the defect at issue -- even though Sears has no effective remedy for the defect, has taken no action to correct the defect and has profited by failing and refusing to correct the defect in the Washing Machines.

9.     As a result of Sears' false and misleading statements and concealment, as well as Sears' other misconduct described in this Complaint, Plaintiff and the Class bought thousands of

3

the Washing Machines and have suffered -- and continue to suffer -- injury as a result of the defective nature of these Machines and as a result of Defendant's misconduct.

10.     Plaintiff asserts claims for violation of Arizona's Consumer Fraud Act (A.R.S. §§44-1521, *et seq.*), for breach of express warranty in violation of Arizona's Uniform Commercial Code, A.R.S. §47-2313, for breach of the implied warranty of merchantability in violation of Arizona's Uniform Commercial Code, A.R.S. §47-2314, and unjust enrichment.

11.     Plaintiff seeks actual and/or compensatory damages, as well as equitable relief, including the replacement and/or recall of the defective Washing Machines, costs and expenses of litigation, including attorneys' fees, to the extent permitted by applicable law, and all additional and further relief that may be available.

## THE PARTIES

12.     Plaintiff, Charles Napoli, resides, and has resided, in Surprise, Maricopa County, Arizona, at all pertinent times.  Plaintiff purchased a Kenmore Elite HE2 Washing Machine (Model Number 110.47532601) on or about October 7, 2006 and took delivery of the Washing Machine on or about October 10, 2006.  Plaintiff paid approximately $799.99 for the Washing Machine and, at all pertinent times, has used the Machine only for its intended purpose.  Like all Class members, Plaintiff received a Washing Machine that was defective because it experienced, and continues to experience, mold and mildew growth and to produce mold and mildew odors in Plaintiff's home and on clothing and other items washed in the Machine.  As a result of the Washing Machines' failure to perform in an acceptable manner and in the manner as they were warranted and intended to perform, Plaintiff has suffered harm, incurred losses and, thereby, has been damaged.

4

13.     Sears, Roebuck and Co. is a New York corporation and maintains its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179. Sears markets and sells Kenmore brand products, including the Washing Machines, throughout the United States, including Arizona and this judicial district, itself, and by and through its Sears, Kmart and other retail outlets.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which certain of the Class members and Defendant are citizens of different states.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because Defendant does business throughout this district, and certain of the acts complained of with respect to Plaintiff took place within and emanated from this district. Further, Sears maintains its principal place of business in this district.

16.     At all pertinent times, Defendant was engaged in the sale of products, including the Washing Machines, throughout the United States.

17.     At all pertinent times, Sears was in the business of distributing, advertising, marketing, promoting and selling products, including the Washing Machines.

18.     The Washing Machines that form the basis of this Complaint were purchased from Defendant and/or placed in the stream of commerce by Defendant.

5

## FACTUAL BACKGROUND
### Plaintiff Charles Napoli's Experiences
### With His Washing Machine

19.    Plaintiff, Charles Napoli, purchased one of the Washing Machines (a Kenmore Elite HE2) on October 7, 2006 and received delivery of that Machine on or about October 10, 2006.

20.    Sears specifically represented that the Washing Machine was "designed and manufactured for years of dependable operation" and, in recognition of the anticipated useful life of the Machine, expressly warranted the stainless steel drum of the Washing Machine for its lifetime. Specifically, Sears provided a "limited lifetime warranty on the stainless steel drum" stating that, "for the lifetime of the washer from the date of purchase," Sears would replace the "Stainless Steel drum due to defective material or workmanship."

21.    Plaintiff began to experience mold and mildew accumulation in the Washing Machine and to experience mold and mildew odor problems (both escaping from the Machine and affecting clothing and other items washed in the Machine) within six months after purchasing the Washing Machine.

22.    In or about May of 2007, a Sears repairman came to Plaintiff's home in response to Plaintiff's complaints about the mold and mildew smell that emanated from Plaintiff's Machine. The Sears repairman sold Plaintiff a Sears cleaning solution product. Plaintiff ran the Sears cleaning solution product through his Machine; however, the mold and mildew problem continued to occur in Plaintiff's Machine. Sears offered no other solution at that time, other than stating that mold was a problem with the front-loader washing machines. As a result of the mold

6

and mildew problem, Plaintiff purchased an extended warranty from Sears on or about May 29, 2007.

23.     On or about September 14, 2007, in response to Plaintiff's telephone call to Sears concerning the mold and mildew problem in the Machine, a Sears repairman came to Plaintiff's home again. The Sears repairman was again unable to offer any effective solution. The Sears repairman advised Plaintiff to follow certain cleaning instructions, including running borax and vinegar through the Washing Machine, but this method failed to relieve the serious mold and mildew problem that Plaintiff has experienced with the Machine. The Sears technician gave Plaintiff the same Sears cleaning solution that he purchased in May of 2007. Again, the Sears cleaning solution offered no relief from the mold and mildew. The Sears technician further recommended that Plaintiff clean a particular tube underneath the Machine. When the Sears technician demonstrated to Plaintiff how to clean the tube underneath his Machine, it emitted a horrible moldy smell and the Sears technician commented, "[y]ou can tell by the way it smells that it needs to be cleaned out." The service charge for September 14, 2007 was $132.00; however, this amount was covered under the extended warranty that Plaintiff purchased on May 29, 2007.

24.     Upon information and belief, the stainless steel drum of the Washing Machine is defective because it fails to adequately provide for the drainage of water and other residue from the Machine. Plaintiff has observed mold and mildew underneath the front of the stainless steel drum and on the inside of the rubber gasket within the Machine.

25.     Independently, Plaintiff has purchased crystal tablets from Lowes® for the purpose of cleaning the Machine and to reduce the smell of the mold and mildew. Plaintiff has

7

also followed Sears' advice of running vinegar through the Machine. These efforts have been

unsuccessful in resolving or alleviating the mold and mildew problems plaguing the Machine.

### Class Members' Experiences
### With The Washing Machines

26.     Plaintiff's experiences mirror those of the thousands of other owners of the

Washing Machines. The internet is replete with references to the common and profound

problems that consumers have experienced with the Machines, including, but not limited to, the

following small sample of representative complaints appearing in one on-line forum:

> I don't have any experience with front-loading washers. Thanks for
> sharing yours. Readers--please post your experiences...
>
> Debra :-)
>
> ---------------------------------------------------------------------
>
> COMMENTS:
>
> what a coincidence! last night I 'just discovered and put the pieces
> together' regarding my front load washer and the dreaded mold
> smell. initially, I thought it was my laundry sink. but alas, I've
> come to realize that it IS my front load washer. btw, I bought mine
> about 5 years ago.
>
> I spoke w/ an appliance salesman at sears, and he reassured me that
> the newer models have rectified the problem (drain holes in the
> seal) and for my situation, all I need to do is to leave the door open
> and wipe it out with a discenfectant. unfortunately, I do NOT
> believe this will resolve the problem.
>
> I did a search on this, and saw many many posts by consumers who
> purchased front load washer's in 2006. they were complaining of
> the same mold problems. specifically, moldy smelling towels. they
> had tried borax, vinegar, bleach..and still complain of the mold
> problems.

since mold is such a major issue in my life.... I'm seriously considering dumping my front loader, and buying a new top loading model.

\*        \*        \*

I have problems with a moldy, musty smell from my front Kenmore Elite washer. I too also wished I had never bought it. The use of less water and detergent seemed to be a real plus, but the clothes don't seem to get clean. I take care of my three little grandchildren so the machine is always in use. I leave the door open. I try to wipe out the gasket, but nothing removes the smell. My problem is that the laundry room is right next to the back door and kitchen, so the odor is most annoying. I would love to have my old frontloader back. Anyone contemplating a frontloader should ask some hard questions of the salespeople.

\*        \*        \*

I purchased a Sears HE1 front loader 4 years ago and have had a chronic problem with mold under the gasket. I leave the door open and have to wipe the underside of the gasket with bleach occasionally. It smells all the time and I have not been happy with that aspect of it. I am going to contact Sears and start a formal complaint process to see where that gets me. I am hoping they will at least have a retro-fit for it and acknowlege the problem. I'll keep you posted as to my results.

\*        \*        \*

I have a Kenmore Elite front load that is now 2 ½ years old. It has smelled musty for about 1 year. I now have found Im not the only one with the problem and wonder if Sears backs this problem? I will be calling on this but it sounds like ... there is no solution to cleaning or drying the problem away. It stinks and is very annoying to have a brand new house and new equipment and then a nasty smell.

\*        \*        \*

I HAVE A KENMORE ELITE FRONT LOAD FOR APPROX 2 YEARS AND THE MUSTY SMELL IS HORRIBLE. IF I LEAVE

THE DOOR OPEN, THE ENTIRE LAUNDRY ROOM
SMELLS.... HOPEFULLY THE MOTOR BLOWS AND MY
HUSBAND LETS ME BUY A TOP LOADER.  I GUESS WE
ARE ALL STUCK WITH THIS EXPENSIVE NO GOOD
WASHER FOR A WIIILE.

                    *        *        *

I have a Kenmore Elite front loading washing machine (3 yrs old).
I have spent a fortune replacing smelly towels.  I have tried the
bleach, baking soda, white vinegar,and Lysol suggestions to get rid
of the odor in my towels.  I have been told only to use the hottest
water possible and on the longest time setting.  Strangely enough,
nothing else stinks but the towels.  The smell is so bad that if you
dry off with them, then you'll smell that funky smell on your skin.
The only solution I have found is to throw them away.  We keep
the door open between washes and wipe out the mold as it
accumulates.  I use the "correct" HE detergents, but nothing seems
to make any difference.  I spent a lot of money on this washer and
now I am spending a lot of money replacing towels for 3
bathrooms every 4 months!  I told my husband that we'd spend less
money drying off with paper towels every day.

                    *        *        *

I'm elated to know I'm not alone in my mold issue!!  I thought I
was doing something wrong.  I love my Kenmore Elite HE3, I've
had it about 2 yrs,but not enjoying the mold problem.  The savings
of detergent, water and energy are great and my washing time is cut
in half due to the large amount of cloathes in each load.   BUT....I
have tried a little bleach and wiping it down after each use and
leaving the door open all the time but to know avail.  I've also tried
a little bleach and a small load of just water cycle. (although I'm
going to try the "stopping it for 10 min." suggestion.)  Still there.
My main complaint are my towels!  Especially wash cloths. Oiy!
I've thrown out several and can't seem to get the soured smell
out....

                    *        *        *

Hi I have been reading many comments.  Obviously I am here for a
reason as well.  I purchased my Kenmore washer and Dryer 2 years
ago and although I love them for saving me time and money

(suposedly) I find my towels and dish clothes always come out with a horible smell. I have thrown many out because I have not been able to find a solution to the problem. I have tried using houschold Amonia in with my detergent and always liquid detergent. That helps until someone goes to dry themselves off after a shower then I hear "why do our towels stink?"

I am throwing more towels away these days because of the smell. I even started putting smaller loads in the machine so I am back to doing more loads more often.

*        *        *

I hate my front loading washing machine. I thought by buying it I would be helping because it uses less water, but all the washing over and over and running everything from bleach to tang through it I use more water than I would have with my old top loader. I have a Sears Elite and no matter what I do it smells and like another, if I leave the door open my whole laundry room smells. Knock you over smell. The repair man told me that it is the main problem with the front loader and even when the repair men talk it over among themselves they can't figure out a way to fix the problem. I think we should all get together and sue the manufactures for faulty machines. The mold can't be good for us either and adding that smell just makes it even more so.

I am going to get rid of mine as soon as I have the extra money to buy a new one even though the front loader is new.

Even my clothes smell. I hate it.

*        *        *

I can't believe how many people have the same problem with their smelly towels. I have had my Kenmore front loader since Jan 06 and it started to smell within months. The towels are definitely worse than all other laundry but the machine can also smell up the laundry room. If this is a universal problem then why aren't the manufacturers responsible ... or liable as they say? I have also seen the scum under the rubber gasket ... I have tried running bleach throught the cycle and wiping with paper towel but the problem never really goes away!

11

\*          \*          \*

Hi everyone first I like to say that im so glad that I found this wed
site I also have a kenmore front loader I bought it in 1995 it smells
so bad there is so much meldew growing inside this machine but
the thing is you cant see it I clean my washer so well have tryed
everything I cant even tell you how many times I have ran this
washer with bleach w/scars soap they want you to use leaving the
door open I have done everything and still smell we cant even
enjoy a shower because we are thinking about when its time to get
out and dry off I have called sears and got the run around finaly
they are going to replace the drum like that is ganna help in a
couple of months we will be at the same place im looking into a
class action law suit I hope we can at least get our money
back................

HE3 moldy mold mold

Have had an HE3 for 4 years and I just got rid of the smelly thing.
This summer has been especially hot and the mold got out of
control in the machine, especially in the rubber boot where it folds
over itself. If a load wasn't done in 4-5 days, the smell was
unbearable. I could hardly breath and my eyes would water up
badly if I was around the machine or on the same level as it. I was
allergic to my house! Not cool at all. I also have little ones that I
was concerned about their well-being. So, it is back to a top loader
and I can now be in my house without complications.

\*          \*          \*

I have a front loader and it has mold...severely...in the water hoses
inside of the machine. My husband has been VERY ill for several
years and was thought to have MS...no...it was an allergy to the
mold in the machine being washed onto his clothes. All of our
clothes smelll SOOOOOO bad and all of us have been ill to some
degree. Sears would come out and say they couldn't find a reason
for the smell....until the last tech came out and showed me the
white hoses were now BLACK from mold. And...this being
washed onto all of our clothes. I have to replace all of our clothes,
bedding, towels...and Sears is being HORRIBLE about the whole
problem. I would NEVER buy a front loader again!!!! Be careful!!!

>           Not only is there mold in the rubber boot in the front...but in the
>           hoses inside of the machine!!! Please be careful!!

http://www.dld123.com/q&a/index.php?cid=443

27.     Sears warranted that the Washing Machines were reliable; that they were free
from defects; and that they were of merchantable quality and workmanship. Plaintiff's
experiences, mirroring those of countless other Washing Machine purchasers who have publicly
recounted their problems with these models, reveal that these warranties were breached. Sears
has long known that the Washing Machines are defective and do not perform as intended because
they are susceptible to and likely to experience mold and mildew growth, which Sears has and
continues to be unable to remedy.

28.     Sears knowingly concealed material facts regarding the Washing Machines,
namely, that they are inherently defective and unreliable, and are not of merchantable quality,
with the intent that consumers would purchase these Machines.

29.     Faced with a substantial number of consumer complaints regarding defects and
problems associated with the Washing Machines, Sears has failed and refused to warn consumers
about the defects inherent in these Machines and, instead, has sat silent while consumers
purchased, and continue to purchase these defective products.

30.     The mold and mildew problems associated with the Machines is far from
innocuous or isolated, as thousands of Washing Machine users have complained to Sears and on
Internet web sites about the uniform failures with the Machines.

31.     Yet, even after receiving an extraordinary number of complaints from purchasers
and users of the Washing Machines, Sears has failed and refused to disclose or warn users of the

13

defect(s) in the Machines. Although Sears was aware of the problems with the Washing Machines early in their product life cycle and, in many cases, before marketing and selling them, it never sought to warn its customers about those problems.

32.    In the end, the harm caused by Defendant's false and misleading statements and omissions grossly outweighs any benefit that could be attributed to them.

33.    The Washing Machines purchased by Plaintiff and Class members failed to work properly, or as intended, because of a defect in design (not resulting from the ordinary course of usage by Plaintiff or Class members).

34.    Sears failed to adequately design and/or test the Washing Machines to ensure that they were free from defects. Before these models even reached the market, Sears knew, or was reckless in not knowing, that they: (a) contained inherent defects; and (b) were not of merchantable quality.

35.    To this day, Defendant continues to conceal material information from users, consumers, and the public, concerning the Washing Machines, including, *inter alia*, information showing that: (a) the Washing Machines are inherently defective; and (b) the Machines are not of merchantable quality.

36.    All jurisdictional prerequisites have been and/or are hereby satisfied by and through the filing and service of this Complaint.

### CLASS ACTION ALLEGATIONS

37.    Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated, pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

14

38.     The Class that Plaintiff seeks to represent is defined as follows:

> All persons or entities residing in the State of Arizona who
> purchased, not for resale, the Washing Machines from Defendant.
> Excluded from the Class are Defendant, its affiliates, employees,
> officers and directors, persons or entities which distribute or sell
> the Washing Machines, persons who have experienced personal
> injury as a result of purchasing the Washing Machines and the
> Judge(s) assigned to this case.

Plaintiff reserves the right to amend this Class definition if discovery and further investigation

reveals that the Class should be expanded or otherwise modified.

39.     **Numerosity**: The members of the proposed Class are so numerous that joinder of

all members is impracticable. The proposed Class includes thousands of members. The precise

number of Class members only can be ascertained through discovery, which will include

Defendant's sales, warranty service and other records.

40.     **Commonality**: The following questions of law and fact are common to the Class:

a.      whether the Washing Machines are defective;

b.      whether, prior to sale, Sears knew that the Washing Machines were
defective;

c.      whether Sears made false representations to Class members concerning the
Washing Machines;

d.      whether Sears violated Arizona's Consumer Fraud Act (A.R.S. §§ 44-
1521, *et seq.*);

e.      whether Sears has breached implied warranties running between it and the
members of the Class;

f.      whether Sears has breached express warranties running between it and the
members of the Class;

g.      whether Sears, by its conduct, has been unjustly enriched; and

15

h.   whether Class members are entitled to recover damages and, if so, the appropriate amount thereof.

41.   **Typicality**: The claims and defenses of Plaintiff as the representative Plaintiff are typical of the claims and defenses of the Class, because Plaintiff and the Class members all purchased the Washing Machines. Plaintiff's claims arise from the same course of conduct that gives rise to the claims of other Class members. The common course of conduct at issue is Sears' sale and marketing of the defective Machines and its effective refusal to repair or replace them. Plaintiff, like all Class members, purchased his Washing Machine without any disclosure by Defendant regarding the defect at issue.

42.   **Adequacy**: Charles Napoli, as the representative Plaintiff, will fairly and adequately assert and protect the interests of the Class, as he has no conflict of interest that will interfere with the maintenance of this class action and will vigorously prosecute the claims and protect the interests of the Class through qualified Class counsel.

43.   **Predominance**: Questions of law or fact common to the Class predominate over individual issues. The predominant common issues in this case are the issues of whether the Washing Machines are the same and defective and whether Defendant violated applicable law and its warranty obligations.

44.   **Superiority**: A class action provides a fair and efficient method for the adjudication of controversy for the following reasons: (a) the Class is not so numerous so as to create manageability problems; (b) there are no unusual legal or factual issues that would create manageability problems; and (c) the claims of the individual Class members are small in relation

16

to the expense of litigation, making a class action the only procedure in which Class members can, as a practical matter, vindicate their rights and obtain relief.

**COUNT I**
**Violation of Arizona's Consumer Fraud Act (A.R.S. §§44-1521, _et seq._)**

45.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

46.     Arizona's Consumer Fraud Act ("CFA") prohibits "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." Defendant's conduct, as described herein, is in violation of the CFA.

47.     Defendant violated the CFA when it represented, through its advertising, warranties and other express representations, that the Washing Machines had characteristics and benefits that they did not actually have.

48.     Defendant violated the CFA when it falsely represented, through its advertising, marketing, and other express representations, that the Washing Machines were of a certain quality or standard when they were not.

49.     Defendant violated the CFA by fraudulently concealing from and/or intentionally failing to disclose, to Plaintiff and the Class, material information about the Washing Machines in a manner that was deceptive.

17

50.    Defendant violated the CFA by holding the Washing Machines out as superior in quality, when, in fact, they are defective.

51.    To this day, Defendant continues to violate the CFA by continuing to actively conceal material information about the Washing Machines and by representing to Plaintiff and the members of the Class that the Washing Machines are free of defects and/or provide superior cleaning power.

52.    As a direct and proximate cause of Defendant's violations of the CFA, Plaintiff and the Class have suffered injury in fact and/or actual damage, in that they purchased Washing Machines that produce mold and mildew and thus, are inherently defective.

53.    Plaintiff and the Class members relied on Defendant's misrepresentations. Had Defendant disclosed in its marketing and sales statements the true quality of the Washing Machines, Plaintiff and the Class would not have purchased, or would have paid significantly less for, the Washing Machines. Plaintiff and the Class have suffered damages as a result.

54.    Plaintiff and the Class members have suffered an injury in fact and lost money in that, had Defendant disclosed the true nature and quality of the Washing Machines, they would not have purchased, or would have paid significantly less for, the Washing Machines. Plaintiff suffered further injury in fact and lost money because, as a direct result of the mold and mildew problem, Plaintiff purchased Sears' extended warranty. Despite having the Machine repaired, under Plaintiff's extended warranty, the problem with the mold and mildew continues to the date of the filing of this Complaint.

55.    Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant for injunctive relief in the form of restitution and/or proportional disgorgement

18

of funds paid by Plaintiff and the Class to purchase the Washing Machines and/or disgorgement of funds received by Defendant from the sale of the Washing Machines, along with interest, attorneys' fees and costs.

## COUNT II
## BREACH OF IMPLIED WARRANTY
### In Violation of Arizona's Uniform Commercial Code (A.R.S. § 47-2314)

56.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

57.    Sears is, and at all relevant times was, a merchant of the Washing Machines. By operation of law, Sears impliedly warranted that the Washing Machines were of merchantable quality.

58.    Sears is in privity with Plaintiff and Class members, and expressly warrants the Washing Machines. Sears' retail stores are agents of Sears, which share in the profits of the sale of the Washing Machines.

59.    Plaintiff and Class members purchased the Washing Machines within the State of Arizona with the reasonable expectation that the Washing Machines would be free of defects.

60.    Sears breached its warranties, as set forth above, by supplying the Washing Machines in a condition where they do not perform the most basic and essential functions of a washing machine and, thus, are not fit for their ordinary purpose, in violation of A.R.S. § 47-2314(B)(3).

61.    Sears has received timely notice of the breaches of warranty alleged herein. Sears has received, upon information and belief, thousands of complaints and other notices from its consumers, including Plaintiff, advising it of the defects in the Washing Machines.

19

62.     Sears has failed and refused to remedy this breach of implied warranty by rendering the Washing Machines merchantable, either through repair, replacement or otherwise.

63.     Sears caused the limited remedy of repair or replacement of parts to fail of and in its essential purpose by unreasonably refusing and delaying the repair or replacement of its Washing Machines, such that it had the effect of impairing the usefulness of the product for a substantial and unreasonable length of time.

64.     Sears has failed and refused to provide to Plaintiff or the Class, as a warranty replacement, with a washing machine that conforms to the qualities and characteristics that it has expressly warranted are possessed by the Washing Machines.

65.     Applying any warranty limitation to avoid the need to repair the particular defect would be unconscionable in that, *inter alia*, the Washing Machines contained an inherent defect that was already present at the time of purchase and Sears knew, or was reckless in not knowing, about this defect, which could not be discovered by Plaintiff and members of the Class at the time of purchase, and purchasers lacked any meaningful choice with respect to the warranty terms.

66.     As a result of Sears' breach of the implied warranty of merchantability, Plaintiff and the Class have suffered actual damages in amounts to be determined by the trier of fact.

67.     Plaintiff, on behalf of himself and all others similarly situated, seeks actual damages (including, but not limited to diminishment in value), consequential and incidental damages from Defendant, as well as attorneys' fees, costs and expenses.

## COUNT III
## BREACH OF EXPRESS WARRANTY
### In Violation of Arizona's Uniform Commercial Code (A.R.S. § 47-2313)

68.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

69.     Sears uniformly and expressly warrants and represents to customers and the general public, including Plaintiff, that the Washing Machines are free from defects and will perform in the manner and for the purpose that they are intended.

70.     As set forth above, the Washing Machines owned by Plaintiff and Class members came with a written warranty stating that Sears would replace the stainless steel drums in the Washing Machines if they were defective.

71.     Although Sears has received notice of this defect, it has failed and refused to replace the stainless steel drums in the Washing Machines, which were and are defective.

72.     Sears' conduct and concealment described in this Complaint was made in trade or commerce, arising out of a transaction that occurred at one of its own stores.

73.     The Washing Machines failed to conform with the terms of Sears' express warranty.

74.     Despite being provided with a reasonable opportunity to cure the defect(s), Sears has effectively failed and refused to repair the defect(s) within a reasonable time.

75.     As a direct and proximate result of Sears' violations of its express warranty, Plaintiff and the Class have suffered damages.

76.     Plaintiff, on behalf of himself and all others similarly situated, seeks actual damages (including but not limited to diminishment in value), consequential and incidental damages from Defendant, as well as attorneys' fees, costs and expenses.

## COUNT IV
## UNJUST ENRICHMENT

77.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

78.     In the alternative, Sears has been unjustly enriched by the purchases of the Washing Machines by Plaintiff and the Class.

79.     Plaintiff and the Class unknowingly conferred a benefit on Sears, of which Sears had knowledge, since Sears was aware of the defective nature of the Washing Machines and the problems that plagued them, but failed and refused to disclose this knowledge and misled Plaintiff and the Class members regarding the nature and quality of the Washing Machines while profiting from this deception.

80.     The circumstances are such that it would be inequitable, unconscionable and unjust to permit Sears to retain the benefit of these profits that it unfairly has obtained from Plaintiff and members of the Class.

81.     Plaintiff and other members of the Class, having been damaged by Sears' conduct, are entitled to recover or recoup damages as a result of the unjust enrichment of Sears to their detriment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for a judgment against Defendant as follows:

a.    For an order certifying the Class, pursuant to Fed. R. Civ. P. 23(b)(3), appointing Plaintiff as representative of the Class, and appointing the law firms representing Plaintiff as counsel for the Class;

b.    For all recoverable compensatory and other damages sustained by Plaintiff and the Class;

c.    For payment of costs of suit herein incurred;

d.    For both pre-judgment and post-judgment interest on any amounts awarded;

e.    For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and

f.    For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

March 31, 2008

Respectfully submitted,

Joseph Patrick Shea
Glenn Orr
Law Offices of Joseph Patrick Shea
2400 N. Western Avenue, Suite 205
Chicago, Illinois 60647
Telephone: 773-365-0040
Facsimile: 773-772-2421
www.joeshealaw.com

James E. Miller
Patrick A. Klingman
Karen M. Leser
SHEPHERD FINKELMAN MILLER
& SHAH, LLC
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120
jmiller@sfmslaw.com
pklingman@sfmslaw.com
kleser@sfmslaw.com

Scott R. Shepherd (IL Bar No. 6190949)
James C. Shah
SHEPHERD FINKELMAN, MILLER
& SHAH, LLC
35 East State St.
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
sshepherd@sfmslaw.com
jshah@sfmslaw.com

Ronald S. Kravitz
Matthew Borden

24

LINER YANKELEVITZ SUNSHINE
& REGENSTREIF LLP

199 Fremont Street, 20th Floor
San Francisco, CA 94105-2255
Telephone: (415) 489-7700
Facsimile: (415) 489-7701
rkravitz@linerlaw.com
mborden@linerlaw.com

Attorneys for Plaintiff
and the Proposed Class