Case 1:08-cv-01832   Document 32-17   Filed 08/11/2008   Page 1 of 9
Case 9:06-cv-80784-KLR   Document 38   Entered on FLSD Docket 03/13/2007   Page 10 of 18

10

claim against manufacturer based on sales agreement between the manufacturer and seller of the goods, because plaintiffs were not employees, guests, or family members of the seller of the goods). Nor can Plaintiffs claim non-statutory, third-party beneficiary status to establish privity with Defendant, because Plaintiffs were not, and do not allege that they were, "specifically identifiable and accorded that status through the contractual mechanism." In Re Masonite Corp. Hardboard Siding Product Liability Litigation, 21 F. Supp. 2d 593, 600 (E.D. La. 1998). In that case, the court explained that under Florida warranty law a plaintiff cannot establish third-party beneficiary status, and therefore privity, simply because he was not a "foreseeable" user or ultimate owner of the product. Rather, the plaintiff must have been identified in the warranty itself, "otherwise, the contours of contractual relationships would disintegrate." Id.

Plaintiffs' second argument, that they were in privity with Defendant because Defendant issued "standardized warranty forms of registration cards" with KitchenAid refrigerators, also has been rejected by Florida courts. See McAteer v. Black & Decker (U.S.), Inc., No. 98-303-Civ.-OC-10A, 1999 WL 33836701, at *3 (M.D. Fla. Sept. 13, 1999). There, the District Court rejected Plaintiffs' argument, explaining that although "the Defendant issued written instructions and a written warranty to the ultimate consumer, this allegation is not sufficient to maintain a breach of warranty claim. The Plaintiffs has not alleged that McAteer bought the product or in any way contracted with the Defendant for the [product]. Absent such an allegation, the complaint does not state a claim for express or implied breach of warranty." Id. at *3. Similarly, Plaintiffs cannot establish privity with Defendant based on Defendant's standard warranty and product registration cards.

Case 1:08-cv-01832   Document 32-17   Filed 08/11/2008   Page 2 of 9
Case 9:06-cv-80784-KLR   Document 38   Entered on FLSD Docket 03/13/2007   Page 11 of 18

11

Plaintiffs' third assertion, that they were in privity with Defendant because Defendant advertised KitchenAid refrigerators on television and in newspapers and magazines, likewise has been rejected under Florida law. See In re Masonite Corp., 21 F. Supp. 2d at 600 (dismissing claims for express and implied warranty under Florida law due to lack of privity in holding that generalized advertising cannot transform plaintiff into intended third-party beneficiaries). The Complaint contains only conclusory allegations regarding unidentified advertising and marketing materials, however. If Plaintiffs actually did receive, hear or see any advertisement or marketing material, they have not pled such in the complaint.

Plaintiffs also claim that the parties were in privity because the dealers from whom Plaintiffs purchased the refrigerators were agents of Defendant. The Complaint, however, contains no well pleaded facts that, if true, would establish that the retailers are Defendant's agents. Nor do after-market communications with Defendant regarding warranty service suffice to establish privity of contract. See O'Connor, 699 F. Supp. at 1543-44 ("[a] buyer-seller relationship must be present in order for one to be liable under the statute and affirmation made by the seller must have become the basis of the bargain").

Plaintiffs' warranty claims fail because Plaintiffs have not alleged a breach of warranty by Defendant. Plaintiffs' express warranty claim is based on their assertions that their refrigerators did not conform to "uniform representations disseminated by [Defendant] regarding the refrigerators," including unidentified "advertisements, models and samples," and that Defendant allegedly "breached and failed to honor" the limited warranty that accompanies each new refrigerator. Pursuant to Fl. Stat. § 672.313(1)(c), a sample or model may provide the basis for express warranty, but a breach occurs only if the goods do not conform to the sample or model.

Case 1:08-cv-01832   Document 32-17   Filed 08/11/2008   Page 3 of 9
Case 9:06-cv-80784-KLR   Document 38   Entered on FLSD Docket 03/13/2007   Page 12 of 18

12

Here, Plaintiffs pled no facts indicating that their refrigerators do not conform to a model or sample.

Second, Plaintiffs assert that Defendant "breached and failed to honor" the five-year limited warranty that covers the refrigerator liners. Dennis, however, does not allege that she asked Defendant for repair or replacement under the warranty, much less that Defendant refused her request. Plaintiffs concede that Florida law requires that the buyer notify the seller of the breach or be barred from any remedy, yet they claim that Dennis gave constructive notice to Defendant via other owners' complaints and requests for service. Again, such is not the law in Florida. Such an interpretation of the notice requirement would defeat the purpose of the statute, which is to provide a warrantor with opportunity to cure any defect or nonconformity before litigation ensues. See In Re Holistic Service Corp., 29 B.R. 509, 512 (S.D. Fla. 1983). Dennis's concession that she never notified Defendant and failed to give Defendant its statutory right to cure the alleged defect warrants dismissal of her warranty claims. Jahrmarkt admits that Defendant offered to repair his refrigerator liner under the warranty, but that he refused the repair. These allegations do not establish a breach. Plaintiffs speculate that "there is no indication that [Defendant] will replace its defective products and reimburse consumers who have paid for repairs to their KitchenAid Refrigerators or replace the KitchenAid Refrigerators." (Complaint, 6.) This speculation is no substitute for alleging actual breach. Allegations that the warranty repair would be "unsightly" and "inadequate" also fall short of an allegation that Defendant refused to repair the liner.

Even if Plaintiffs could somehow establish privity of contract with Defendant, allegations that Defendant breached an implied warranty of merchantability would be legally insufficient to

Case 1:08-cv-01832   Document 32-17   Filed 08/11/2008   Page 4 of 9
Case 9:06-cv-80784-KLR   Document 38   Entered on FLSD Docket 03/13/2007   Page 13 of 18

13

survive a Rule 12(b)(6) motion. Pursuant to Fla. Stat. § 672.314, for goods to be merchantable, they must "(a) pass without objection in the trade under the contract description; and…(c) [be] fit for the ordinary purpose for which such goods are used." "There is no warranty against every possible defect in design of a mechanical device that hindsight may disclose. Few instrumentalities in common use could not be made safer or be so constructed as to minimize some risks. The warranty is that the machine is reasonably adapted to its intended use." Fletcher, Co. v. Melroe Manufacturing Co., 238 So.2d 142, 146 (Fla. 1st DCA 1970). Plaintiffs have not alleged that any hairline cracks prevented their own refrigerators from performing the ordinary, intended purpose of keeping food cool and fresh, nor have they alleged that they had to or did replace the refrigerators because they no longer were performing their ordinary, intended purpose. Such vague and unsupported allegations do not make out a claim for breach of warranty of merchantability. See L. C. Crawford v. Gold Kist Inc., 614 F. Supp. 682, 688 (M.D. Fla. 1985) (seller did not breach warranty of merchantability when he sold to Florida grower wheat seed that was not well adapted to Florida's climate because the seed yielded wheat and, therefore, satisfied the ordinary purpose of growing wheat).

Plaintiffs cannot sustain their negligence action against Defendant because tort claims are not actionable against a manufacturer of an allegedly defective product when a plaintiff claims only economic losses related to the product's failure to perform as expected. See Indemnity Ins. Co. v. Am. Aviation, 891 So.2d 532, 541 (2004) (clarifying that economic loss bars all tort liability for manufacturers of defective products in only economic losses or claimed by the plaintiff). Plaintiffs concede in their response to the dismissal of their negligence claim.

Case 1:08-cv-01832   Document 32-17   Filed 08/11/2008   Page 5 of 9
Case 9:06-cv-80784-KLR   Document 38   Entered on FLSD Docket 03/13/2007   Page 14 of 18

14

Plaintiffs' unjust enrichment and "money had and received" claim must be dismissed because these claims are identical and are based on the same insufficient facts as the legal claims. "Unjust enrichment is the modern version of the common law action for money had and received." Spencer v. Wachovia Bank, No. 05-81166-CIV-RYSKAMP, 2006 U.S. Dist. LEXIS 52374, at *24 (S.D. Fla. May 10, 2006); Hall v. Humana Hospital Daytona Beach, 686 So.2d 653, 656 (Fla. 5th DCA 1996) (same). Plaintiffs apparently recognize that these claims are one and the same because they do not allege any distinct or separate facts distinguishing them from each other. Nor does Plaintiffs' response deny that these causes of action are identical. Both of these causes of action, nevertheless, fail to state claims because they necessarily rely on the first three causes of action, which are fatally flawed as above noted. Plaintiffs maintain that they have simply pled in the alternative pursuant to Rule 8(a). The Federal Rules do allow alternative pleading, but the problem with these claims is not that they are alternatively pled, but that their underlying legal theories are flawed.

Finally, the equitable claims also fail because Plaintiffs have failed to show that they lack an adequate legal remedy. Plaintiffs do not explain why monetary damages would not fully compensate each member of the proposed class for their alleged loss. That Plaintiffs request injunctive relief does not convert the suit into an equitable action. See Weinstein v. Aisenberg, 758 So.2d 705, 707 (Fla. 4th DCA 2000)("An rule action at law does not become an equitable action simply because a request for an injunction has been made.")(quotation omitted). The Complaint is dismissed for failure to state a claim.

15

## IV. MOTION TO DISMISS FOR FAILURE TO ALLEGE FRAUD WITH PARTICULARITY

Even if Plaintiffs had stated a claim, the complaint is subject to the heightened pleading standards of Rule 9(b) because the complaint sounds in fraud. Specifically, Defendant allegedly "misrepresented the characteristics and qualities of the KitchenAid refrigerators" and "misled" consumers by "concealing the defect in the KitchenAid refrigerators" through "misrepresentations and omissions" and allegedly "knew of the defect in the KitchenAid refrigerators when they were sold" and "made and/or allowed these misrepresentations to be made with the intent of inducing members of the class to purchase KitchenAid refrigerators." (Complaint, 39, 50, 60, 39, 40, 77, 86, 22, 46-47, 57, 68, 56.) Under Florida law, a complaint sounds in fraud if it alleges negligent or intentional misrepresentation through false statement or omission. See Rhodes v. Omega Res., Inc., 38 F. Supp. 2d 1353, 1361 (S.D. Fla. 1999) (dismissing under Rule 9(b) a complaint alleging that defendant company's prospectus intentionally omitted information which sounded in fraud). In Florida, even an action for negligent misrepresentation sounds in fraud. See id. at 1361 (holding that allegations that defendants intentionally withheld information from plaintiffs sounded in fraud). Plaintiffs' complaint is grounded in fraud because it rests on allegations of misrepresentations and material omissions.

Rule 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." This rule serves to notify defendants in fraud actions as "to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" Medalie v. FCS Sec. Corp., 87 F.Supp.2d 1295, 1306 (S.D.

Case 1:08-cv-01832   Document 32-17   Filed 08/11/2008   Page 7 of 9
Case 9:06-cv-80784-KLR   Document 38   Entered on FLSD Docket 03/13/2007   Page 16 of 18

16

Fla. 2000) (quoting Durham v. Business Management Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)). In the Eleventh Circuit, Rule 9(b) is satisfied if a plaintiff pleads the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and
> (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and
> (3) the context of such statements and the manner in which they mislead the plaintiff, and
> (4) what the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364, 1371 (11th Cir. 1997), *reh'g denied* 116 F.3d 1495 (11th Cir. 1997) (quotation omitted). See also Leonard v. Stuart-James Co., 742 F.Supp. 653, 659 (N.D. Ga. 1990) (motion to dismiss granted where complaint failed to allege "specifically when, where, by whom or specifically what the representation was.").

The elements of a fraud claim are:

> (1) a false statement of fact; (2) known by the defendant to be false at the time that it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury.

Madness, LP v. DiTocco Konstruction, Inc., 873 So.2d 427, 429 (Fla. 4th DCA 2004) (quotation omitted).

The Complaint fails to plead fraud with sufficient particularity. Plaintiffs fail to allege what statements Defendant actually made or should have made regarding the refrigerator liners. They also fail to identify the time, place, authorship, or medium of each such statement or omission and how Plaintiffs were misled by each such misrepresentation or omission. Instead, Plaintiffs make the conclusory allegation that Defendant disseminated "advertisements, models

17

and samples, and other similar uniform representations" that "misrepresented the characteristics and qualities of the KitchenAid refrigerators." (Complaint, 45, 39, 77, 86). The Complaint does not give a single example of an affirmative misrepresentation or the contents thereof, such as a specific advertisement, statement, model, or sample, that Plaintiffs claim was deceptive. Similarly, Plaintiffs make conclusory allegations that Defendant engaged in fraudulent omissions by "concealing the defect in the KitchenAid refrigerators" through "misrepresentation and omissions." (Complaint, 40, 77, 86). Plaintiffs further argue that Defendant had no "duty to disclose to the consuming public the foreseeable risks associated with the use of the KitchenAid refrigeratos." (Complaint, 67, 68.) Plaintiffs do not state what repair they consider to be noncompliance with the sample, advertisement, or consumer expectations and make no mention of the KitchenAid refrigerators low propensity for cavity liner defects. Accordingly, the Complaint is dismissed for failure to allege fraud with particularity.

## V. CONCLUSION

THE COURT, having considered the parties' written submissions and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that Defendant's Motion to Dismiss, or, in the Alternative, to Strike the Class Allegations and Require a More Definite Statement, filed October 25, 2006 [DE 19], is GRANTED. The class allegations are STRICKEN. The remaining allegations are DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(6) and Rule 9(b). Plaintiffs may file an amended complaint within 15 days of the date of this order. Initial disclosures shall be due no later than May 1, 2007. It is further

18

ORDERED AND ADJUDGED that Plaintiffs' Motion to Strike Defendant's Motion to Dismiss, filed December 5, 2006 **[DE 28]** is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 12th day of March, 2007.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE