# EXHIBIT 13

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN BETTUA, GIUSEPPINA P. DONIA, )
DERRAL HOWARD, DENISE MILLER, )
CHARLES NAPOLI, VIC PFEFER, )
CHRISTINA RAMER, JEFFREY A. AND )
SANDRA K. ROBINSON, Individually And ) Case No. 08 C 1832
On Behalf Of All Others Similarly Situated, )
 )
      Plaintiffs, )
 )
  v. )
 )
SEARS, ROEBUCK AND CO., )
 )
      Defendant. )

**APPENDIX OF STATE AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS**

Defendant Sears, Roebuck and Co. ("Sears") submits this appendix to summarize in one place for the Court's convenience some of the numerous liability and damages questions that are governed by various states' laws and that must be individually litigated by each putative class member to resolve the putative class claims asserted by Plaintiffs.

## I.  DAMAGES

Plaintiffs must plead and prove actual damage under the laws of Arizona, Colorado, Florida, Ohio, Oklahoma, Pennsylvania, and Wisconsin for each cause of action pled in the Complaint:

(1) Violation of the consumer protection statutes, *see, e.g.*, *Peery v. Hansen*, 585 P.2d 574, 578 (Ariz. Ct. App. 1978) ("It is clear that before a private party may exert a claim under the statute, he must have been damaged by the prohibited practice."); *Rollins, Inc. v. Butland*, 951 So.2d 860, 874 (Fla. Ct. App. 2006) ("The members of the putative class who experienced no actual loss have no claim for damages under FDUTPA."); *Faralli v. Hair Today, Gone Tomorrow*, No. 1:06 CV 504, 2007 WL 120664, at *4 (N.D. Ohio Jan. 10, 2007); *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003) (listing elements of consumer claim under the Colorado Consumer Protection Act, including "(4) that the plaintiff suffered injury in fact to a legally protected interest"); *Walls v. Am. Tobacco Co.*, 11 P.3d 626, 630 (Okla. 2000) ("Accordingly, a person may not bring an action as an aggrieved consumer under § 761.1(A) solely as a result of his or her payment of the purchase price for that product. An essential element of a claim under § 761.1(A) is actual injury or damage caused by a violation of the OCPA."); *K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 732 N.W.2d 792, 798-99 (Wis. 2007) ("To prevail on such a claim, the plaintiff must prove three elements. . . . Third, that the representation caused the plaintiff a pecuniary loss."); *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004) ("To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance.");

(2) Breach of express warranty, *see, e.g.*, *Mineer v. Atlas Tire Co.*, 806 P.2d 904, 906 (Ariz. Ct. App. 1990) ("[P]laintiff who claims breach of warranty, therefore, should be able to satisfy the burden of proof by evidence that at the time of purchase or acquisition the product was flawed in a manner constituting a breach of warranty, and damages resulted."); *Dunham-Bush, Inc. v. Thermo-Air Serv., Inc.*, 351 So. 2d 351, 353 (Fla. Ct. App. 1977) (holding that plaintiffs must allege, *inter alia*, "injuries sustained by buyer as a result of the breach of warranty"); Ohio Rev. Code Ann. § 1302.88(B); *Grace v. Ganley Westside Imports, Inc.*, No. 74185, 1999 WL 359196 (Ohio Ct. App. June 3, 1999) (granting vehicle dealer's motion for directed verdict on breach of warranty claim for failure to present evidence of damages associated with the breach); Colo. Jury Instr.-Civ. 14:8 (4th ed.) (setting forth the essential elements of a breach of express warranty claim, including the "breach of warranty caused the plaintiff" "injuries," "damages," or "losses"[1]); *Collins Radio Co. of Dallas v. Bell*, 623 P.2d 1039, 1052 (Okla. Ct. App. 1980) (to "recover on a theory of breach of warranty a party must show that a warranty exists, the warranty was breached, and that the breach was the proximate cause of the loss suffered"); *Price v. Chevrolet Motor Div. of Gen. Motors Corp.*, 765 A.2d 800, 809 (Pa. Super. Ct. 2000) ("To prevail on a claim for breach of warranty under the Pennsylvania Uniform Commercial Code, a plaintiff must establish that a breach of warranty occurred and that the breach was the proximate cause of the specific damages sustained.");

(3) Breach of implied warranty of merchantability, *see, e.g.*, *Dunham-Bush, Inc.*, 351 So. 2d at 353; *Mineer*, 806 P.2d at 906; Ohio R.C. § 1302.65(D) (burden on buyer to prove breach and damages); Colo. Jury Instr.-Civ. 14:10 (4th ed.) (damages an essential element of a claim for breach of implied warranty); *Collins*, 623 P.2d at 1052 ("To recover on a theory of breach of warranty a party must show that a warranty exists, the warranty was breached, and that the breach was the proximate cause of the loss suffered."); *Price*, 765 A.2d at 809 ("To prevail on

---

[1] It is appropriate to rely on the instructions for guidance. *See Fiberglass Component Prod. v. Reichhold Chems., Inc.*, 983 F. Supp. 948, 953 (D. Colo. 1997) (relying on Colorado's pattern jury instruction for breach of express warranty to perform legal analysis of such a claim).

2

a claim for breach of warranty under the Pennsylvania Uniform Commercial Code, a plaintiff must establish that a breach of warranty occurred and that the breach was the proximate cause of the specific damages sustained.")

(4) Unjust enrichment, *see, e.g., Cmty. Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008 (Ariz. Ct. App. 1995) (requiring "an impoverishment" to make a case of unjust enrichment"); *Lewis v. Lewis*, ___ P.3d ___, No. 07SC134, 2008 WL 2581563, at *8 (Colo. June 30, 2008) (stating that the doctrine of unjust enrichment applies when the benefit conferred on the defendant was "at the plaintiff's expense" to make a case of unjust enrichment); *Lapkin v. Garland Bloodworth, Inc.*, 23 P.3d 958, 961 (Okla. Ct. App. 2000) (same); *Birchwood Lakes Cmty. Ass'n, Inc. v. Comis*, 442 A.2d 304, 308 (Pa. Super. Ct. 1982) (same); *Matter of Guardianship of Kordecki*, 290 N.W.2d 693, 696 (Wis. 1980) (same); *Green v. McNeil Nutritionals, LLC*, No. 2004-0379-CA, 2005 WL 3388158, at *5 (Fla. Cir. Ct., Nov. 15, 2005) ("[T]he circumstances necessary to establish the third element must demonstrate that the plaintiff was harmed in some way before courts will impose this equitable remedy."); *Linn v. Roto-Rooter, Inc.*, No. 82657, 2004 WL 1119619, at *3 (Ohio Ct. App. May 20, 2004) (reversing class certification of unjust enrichment claim on predominance grounds because, "each plaintiff must establish actual injury before Roto-Rooter's liability can be determined").

## II. PROXIMATE CAUSE

With respect to Plaintiffs' claims for violations of consumer fraud statutes, the proximate cause inquiry focuses generally on whether Sears' alleged non-disclosures and misrepresentations were the proximate cause of Plaintiffs' alleged injuries. *See, e.g., Kuehn v. Stanley*, 91 P.3d 346, 352 (Ariz. Ct. App. 2004) ("To succeed on a claim of consumer fraud, a plaintiff must show a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and consequent and proximate injury resulting from the promise."); *Marino v. Home Depot U.S.A., Inc.*, 245 F.R.D. 729, 737 (S.D. Fla. 2007) (listing elements of consumer claim under FDUTPA, including "(2) causation"); *Faralli*, 2007 WL 120664, at *4 (the plaintiff's consumer fraud claims involved highly individualized issues of reliance, causation, and damages); *Rhino Linings*, 62 P.3d at 146-47 (listing elements of

3