consumer claim under the Colorado Consumer Protection Act, including "(5) that the challenged practice caused the plaintiff's injury"); *Walls*, 11 P.3d at 630 ("Accordingly, a person may not bring an action as an aggrieved consumer under § 761.1(A) solely as a result of his or her payment of the purchase price for that product. An essential element of a claim under § 761.1(A) is actual injury or damage caused by a violation of the OCPA."); *K & S Tool*, 732 N.W.2d at 798-99 ("To prevail on such a claim, the plaintiff must prove three elements. . . . Third, that the representation caused the plaintiff a pecuniary loss."); *Yocca*, 854 A.2d at 438 ("To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance.").

With respect to the breach of warranty claims, the breach and proximate cause elements focus on whether the alleged defect in the Kenmore Access and Horizon washers and Sears' failure to repair was the proximate cause of Plaintiffs' problems and injuries (*i.e.*, the failure of the product to operate in a manner consistent with its ordinary intended use or what Sears expressly warranted). *See, e.g., Scheller v. Wilson Certified Foods, Inc.*, 559 P.2d 1074, 1080 (Ariz. Ct. App. 1976) ("Liability is established if the evidence shows that the product was not reasonably fit for the ordinary purposes for which it was sold and such defect proximately caused injury to the ultimate consumer."); *Dunham-Bush*, 351 So. 2d at 353 (complaint for breach of express or implied warranty must contain allegations regarding "the injuries sustained by the buyer as a result of the breach of warranty"); *World Metals, Inc. v. AGA Gas, Inc.*, 755 N.E.2d 434 (Ohio Ct. App. 2001) (consequential damages for a breach of warranty must be a proximate result of the breach); Colo. Jury Instr.-Civ. 14:8, 10 (4th ed.) (stating that causation of damages is an element of breach of warranty claims); *Collins*, 623 P.2d at 1052 ("To recover on a theory of breach of warranty a party must show that a warranty exists, the warranty was breached, and that the breach was the proximate cause of the loss suffered."); *Price*, 765 A.2d at 809 ("To prevail on a claim for breach of warranty under the Pennsylvania Uniform Commercial Code, a plaintiff must establish that a breach of warranty occurred and that the breach was the proximate cause of the specific damages sustained.").

### III.    CONFLICTS AMONG THE STATES REGARDING BREACH OF WARRANTY

Although Illinois and the seven states at issue in this lawsuit—Arizona, Colorado, Florida, Ohio, Oklahoma, Pennsylvania, and Wisconsin—have adopted the Uniform Commercial Code, there are, nevertheless, differences among the states regarding the application of express and implied warranty of merchantability law.

### A.    Privity of Contract

The most significant difference between the states is the privity requirement. Arizona, Florida, Ohio, and Wisconsin require privity to assert a cause of action for express and implied warranty. *See Flory v. Silvercrest Indus., Inc.*, 633 P.2d 383, 387 (Ariz. 1981) (holding that lack of vertical privity precludes recovery for breach of express and implied warranty brought under Arizona's UCC); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) ("The law of Florida is that to recover for the breach of a warranty, either express or implied, the plaintiff must be in privity of contract with the defendant" (citations omitted)); *Bobb Forest Prods., Inc., v. Morbark Indus., Inc.*, 783 N.E. 2d 560, 575 (Ohio Ct. App. 2002) ("To recover under a theory of implied warranty, the plaintiff must show it was in privity of contract with defendant."); *Northridge Co. v. W.R. Grace & Co.*, 471 N.W.2d 179, 187 (Wis. 1991) ("[p]rivity is a requirement for a cause of action based on implied warranty"); *Drake v. Wham-O Mfg. Co.*, 373 F. Supp. 608, 609 (E.D. Wis. 1974) (holding that privity is required to establish a cause of action for breach of implied warranty against a manufacturer).

Colorado, Oklahoma, and Pennsylvania, however, do not require a showing of privity to establish claims for breach of warranty. *See Hansen v. Mercy Hosp.*, 570 P.2d 1309, 1311 (Colo. Ct. App. 1977) (holding lack of privity does not preclude plaintiff's "recovery for breach of implied warranty"); Colo. Rev. Stat. § 4-2-318 ("A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section."); *Old Albany Estates, Ltd. v. Highland Carpet Mills, Inc.*, 604 P.2d 849, 852 (Okla. 1979) ("We hold a manufacturer may be held liable for breach of implied warranty of merchantability or fitness for particular purpose under the Uniform Commercial Code without regard to privity of contract between the manufacturer and the ultimate buyer."); *Kassab v. Central Soya*, 246 A.2d 848, 853 (Pa. 1968) ("Under the Uniform Commercial Code, once a breach of warranty has been shown, the defendant's liability, assuming of course the

5

presence of proximate cause and damages, is absolute."), *overruled on other grounds by AM/PM Franchise Ass'n v. Atl. Richfield Co.*, 584 A.2d 915 (Pa. 1990).

**B.        Pre-Suit Notice of Breach of Warranty**

Although the requirement of notice is uniform among the states, different standards have evolved as to what specific type of notice is required.[2] For example, while Florida law does not require there be a specific claim for damages or an assertion of legal rights, mere complaints about the product do not constitute notice of breach. *Nebula Glass Int'l, Inc. v. Reichhold, Inc.*, No. 02-60703-CIV, 2004 WL 4946483, at *5 (S.D. Fla. Apr. 27, 2004). In Ohio, Oklahoma, Wisconsin, and Pennsylvania, a buyer must first notify a seller of any breach of warranty within a reasonable time after discovering the breach or be barred from any remedy. *See* Ohio Rev. Code § 1302.65(C)(1); *Radford v. Daimler Chrysler Corp.*, 168 F. Supp. 2d 751, 754 (N.D. Ohio 2001) (dismissing warranty claim for plaintiff's failure to allege that she provided the manufacturer with notice of the alleged breach); *Wooten v. Motorola Commc'ns & Elecs., Inc.*, 488 P.2d 1284, 1286 (Okla. 1971) (dismissing suit as a matter of law because the buyer failed to provide timely pre-suit notice, and citing 12A Okla. St. Ann. § 2-607); *Wojciuk v. U.S. Rubber Co.*, 122 N.W.2d 737, 740 (Wis. 1963) (holding that notice of a breach of warranty is a precondition to filing suit); *Barlow v. DeVilbiss Co.*, 214 F. Supp. 540, 544 (E.D. Wis. 1963); 13 Pa. Cons. Stat. Ann. § 2607(c) ("Where a tender has been accepted: (1) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . . ."); *Pritchard v. Liggett & Myers Tobacco Co.*, 134 F. Supp. 829, 832 (W.D. Pa. 1955) ("Defendant correctly contends that the requirement of notice within a reasonable time is a condition precedent to plaintiff's right of recovery, as to which plaintiff has the burden of proof."). In Colorado, to be legally sufficient the buyer's notice should afford the seller an opportunity to "investigate the buyer's complaint . . . to effect a

---

[2] Because Plaintiffs assert violation of the MMWA for breach of written warranty on behalf of a nationwide class, the laws of all 51 jurisdictions must be analyzed in determining what constitutes reasonable notice. (*See* Def.'s Mem., Argument, Part III.A.) However, a number of courts have found that "[s]tate law varies on what constitutes reasonable notice and to whom notice should be given." *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 727 (5th Cir. 2007); *see also Walsh v. Ford Motor Co.*, 130 F.R.D. 260, 276 (D.D.C. 1990) (noting that states vary in regard to the notice requirement); *Compaq Computer v. Lapray*, 135 S.W.3d 657, 673-75 (Tex. 2004) (collecting cases and noting that variation in state law regarding notice was among factors defeating predominance of nationwide class).

settlement through negotiation" and "to permit a cure." *Hoffman's Double Bar Pine Nursery v. Fyke*, 633 P.2d 516, 518, 519 (Colo. Ct. App. 1981).

### C.    Requirement of Reliance

The jurisdictions are also split as to whether a buyer must show reliance on a statement or representation in order to recover for breach of express warranty. *See Cole v. Gen. Motors Corp.*, 484 F.3d 717 (5th Cir. 2007) (analyzing law of 51 jurisdictions and finding that "[t]here is a clear split of authority among the jurisdictions as to whether a buyer must show reliance on a statement or representation for it to be considered part of the 'basis of the bargain.'").[3]  Indeed, there are numerous variations among Plaintiffs' seven home states.  For example, Arizona law requires a strict showing of reliance. *See Murphy v. Nat'l Iron & Metal Co.*, 227 P.2d 219, 222 (Ariz. 1951) ("Reliance upon a warranty is a prerequisite to the recovery for a breach of warranty.").  Pennsylvania law requires a showing of reliance, but does "not . . . require a strong" showing. *Sessa v. Riegle*, 427 F. Supp. 760, 765-67 (E.D. Pa. 1977), *aff'd*, 568 F.2d 770 (3d Cir. 1978).  Florida law is not entirely settled as to whether reliance is required. *Compare Lennar Homes, Inc. v. Masonite Corp.*, 32 F. Supp. 2d 396 (E.D. La. 1998) (applying Florida law, holding that reliance was not required to recover for breach of an express written warranty), *with Thursby v. Reynolds Metals Co.*, 466 So. 2d 245 (Fla. Ct. App. 1984) (manufacturer not liable on basis of express warranty for injury to employee where there was no reliance by buyer on any affirmations of particular facts on the part of manufacturer regarding safety features).  Colorado law has been interpreted to not require reliance generally, but other cases have required reliance on written warranties in some circumstances. *Compare Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 644-45 (10th Cir. 1991) (holding that reliance is not required under Colorado law), *with Anderson v. Heron Eng'g Co., Inc.*, 604 P.2d 674, 676 (Colo. 1979) (requiring reliance on terms of written warranty contained in a brochure to maintain claim for breach of express

---

[3] As with the element of pre-suit notice, the laws of all 51 jurisdictions must be analyzed in determining whether a showing of reliance is required for a claim of breach of express warranty under the MMWA.  And "[l]ike the notice requirement, state courts have interpreted this reliance element differently." *Compaq*, 135 S.W.3d at 675 ("Some courts have concluded that reliance by a buyer on a seller's statements (even those contained in a warranty) remains an essential element of a breach of express warranty claim under the basis of the bargain test as set forth in the UCC. Other courts hold that under the UCC, reliance is no longer required and a buyer may recover on an express warranty even if the buyer never actually received a copy of the warranty and was unaware of its existence. Still other states have not decided whether reliance is required, nor what the 'basis of the bargain' actually means." (citations omitted)).

warranty). Oklahoma law also exhibits apparently internal conflict on the issue of reliance. *Compare Speed Fastners, Inc. v. Newsom*, 382 F.2d 395, 397 (10th Cir. 1967) (requiring reliance under Oklahoma law), *with Collins*, 623 P.2d at 1053 ("The U.C.C. does not require a buyer to prove that he relied on the assertions constituting a warranty when the warranty is express (s 2-313, comment 3) or is an implied warranty of merchantability (s 2-314)."). Under Ohio law, whether a plaintiff needs to prove reliance may turn on whether the representation that contained the warranty was made pursuant to pre-contractual negotiations or was embodied in the final written contract. *See Norcold Inc. v. Gateway Supply Co.*, 798 N.E.2d 618, 623 (Ohio Ct. App. 2003). In Wisconsin, reliance is not required to maintain a breach of warranty claim. *See Ewers v. Eisenzopf*, 276 N.W.2d 802, 805 (Wis. 1979).

## IV.    UNJUST ENRICHMENT

Although the relevant states have formulated the elements and required proof to support a claim for unjust enrichment differently, generally speaking each Plaintiff and putative class member must prove, at a minimum, that Sears collected money or a benefit from each of them and that it would be "wrong," "inequitable," or "unjust" for Sears to retain that benefit. *See Lewis*, 2008 WL 2581563, at *8 ("a party claiming unjust enrichment must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation"); *Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002) ("To establish a claim for unjust enrichment, a party must show: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; and (5) the absence of a legal remedy."); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (1984) ("(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment"); *Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. Ct. App. 1994) ("The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff" (citations omitted)); *Lapkin*, 23 P.3d at 961 ("A right of recovery under the doctrine of unjust enrichment is

8

essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another."); *Temple Univ. Hosp., Inc. v. Healthcare Mgmt. Alternatives, Inc.*, 832 A.2d 501, 507 (Pa. Super. Ct. 2003) ("The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value."); *Puttkammer v. Minth*, 266 N.W.2d 361, 363 (Wis. 1978) ("The elements of such a cause of action are: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value.").