**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN BETTUA, GIUSEPPINA P. DONIA, DERRAL HOWARD, DENISE MILLER, CHARLES NAPOLI, VIC PFEFER, CHRISTINA RAMER, JEFFREY A. AND SANDRA K. ROBINSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SEARS, ROEBUCK AND CO., <br><br> Defendant. | No. 08 C 1832 <br><br> Judge Joan H. Lefkow |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs brought this 30-count putative class action for violation of the Magnuson-Moss Warranty Act ("MMWA") (Counts I and II), violation of their respective home states' consumer protection statutes (Count III–IX), breach of written warranties (Counts X–XVI), breach of implied warranties (Counts XVII–XXIII), and unjust enrichment (Counts XXIV–XXX). Before the court is Sears's motion under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss, or in the alternative for a more definite statement, as to all of the claims in the *Bettua* complaint. For following reasons, the motion [#34] will be granted in part and denied in part.

The claims alleged in this case ("*Bettua*") are similar to those alleged in *Munch* v. *Sears Roebuck & Co.* ("*Munch*"), No. 06 C 7023, and *Seratt* v. *Sears Roebuck & Co.* ("*Seratt*"), No. 07 C 0412. All three cases are putative class actions arising from alleged defects in certain Kenmore-brand front-loading washing machines. On January 6, 2009, the court consolidated

1

this case with *Munch* and *Seratt* for purposes of discovery and pretrial proceedings. The court also granted plaintiffs leave to file a consolidated amended complaint for the three cases.

The *Munch* and *Seratt* complaints were the subject of a motion to dismiss that the court granted in part and denied in part on September 30, 2008, dismissing the plaintiffs' claims under their respective home states' consumer fraud statutes, their common law fraud claim, and their unjust enrichment claim and denying the motion as to certain declaratory relief.[1] *See Munch*, No. 06 C 7023, Dkt. No. 120 (Sept. 30, 2008). Because of the extensive similarities among the cases and the pending consolidation of the three complaints, the court will refer here to its earlier analysis in the September 30, 2008 memorandum opinion and assume the reader's familiarity with that decision.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). In order to survive a motion under Rule 12(b)(6), the complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC* v. *Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L.E.2d 929 (2007)). The allegations in the complaint must also be "enough to raise a right to relief above a speculative level." *Twombly*, 127 S. Ct. at 1965.

---

[1] Sears's motion to dismiss did not challenge the *Munch* plaintiffs' claims for breach of implied warranty of merchantability.

2

## DISCUSSION

**I. The Consumer Fraud Claims (Counts III-IX)**

Much like the plaintiffs in *Munch* and *Seratt*, the *Bettua* plaintiffs have alleged that their Kenmore HE series washers suffer from a defect that prevents adequate water drainage and causes the machines to accumulate mold and mildew and to produce a corresponding odor that permeates both the clothes washed in the machine and the home of the machine's owner. Whereas the *Munch* plaintiffs alleged violations of the consumer fraud statutes of Illinois, California, Kentucky, Minnesota, Michigan, New Jersey, New York, Washington, and Indiana, the Bettua plaintiffs have alleged violations of the analogous statutes of Arizona, Colorado, Florida, Ohio, Pennsylvania, Wisconsin, and Oklahoma. As in *Munch*, plaintiffs' theories of consumer fraud liability are based on their contentions that Sears (1) knew about the defect and had a duty to disclose such knowledge to customers, but deliberately failed to do so in order to sell more machines, and (2) marketed the machines as providing superior quality despite their knowledge of the defect.

Sears argues that plaintiffs have failed to allege their consumer fraud claims with sufficient particularity to meet the pleading requirements of Rule 9(b). In response, plaintiffs argue that they have pleaded with particularity the material facts Sears knew and did not disclose.[2] As the court explained in the September 30, 2008 memorandum opinion in *Munch*,

> To successfully state a cause of action for *fraudulent concealment* as a deceptive act or practice, the plaintiff must allege that the defendant omitted or concealed a material fact in the conduct of trade or commerce. *See White* v. *DaimlerChrysler Corp.*, 856 N.E.2d 542, 547, 368 Ill. App. 3d 278, 305 Ill. Dec. 737 (Ill. App. Ct. 1st Dist. 2006). A fact "is 'material' if the plaintiff would have acted differently had he been aware of it, or if it concerned the type of information upon which he would be expected

---

[2] Although plaintiffs suggest in a footnote that "there is a split in authority as to the applicability of Rule 9(b)" to claims under Florida's Deceptive and Unfair Trade Practices Act, Pls.' Resp. at 16 n.7, they broadly acknowledge "the unremarkable proposition that consumer fraud claims must be [pled] with particularity." *Id.* at 15.

3

> to rely when making his decision to act." *Miller* v. *William Chevrolet/GEO, Inc.*, 762 N.E.2d 1, 7, 326 Ill. App. 3d 642, 260 Ill. Dec. 735 (Ill. App. Ct. 1st Dist. 2001) (citing *Mackinac* v. *Arcadia Nat'l Life Ins. Co.*, 648 N.E.2d 237, 239, 271 Ill. App. 3d 138, 207 Ill. Dec. 781 (Ill. App. Ct. 1st Dist. 1995)). When such a claim is brought in federal court, the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure are imposed to ensure that defendants are properly notified of their alleged fraud, so that they can respond adequately. *Towers Fin. Corp.* v. *Solomon*, 126 F.R.D. 531, 535 (N.D. Ill. July 10, 1989).
>
> Although plaintiffs are not required to plead all evidentiary facts, they cannot put defendants on notice simply by asserting conclusional allegations. *Id.* (citing *Ambling* v. *Blackstone Cattle Co., Inc.*, 658 F. Supp. 1459, 1468 (N.D. Ill. 1987); *Rudolph* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 100 F.R.D. 807, 809 n.2 (N.D. Ill. 1984)). At the same time, Rule 9 is to be read in conjunction with Rule 8. *Brown* v. *SBC Communications, Inc*., 2007 WL 684133 *6 (S.D. Ill.). This means that a plaintiff is required to plead "only slightly more than is demanded under ordinary notice pleading." *Id.* (quoting *Tomera* v. *Galt*, 511 F.2d 504, 508 (7th Cir. 1975)) (overruled on other grounds by *Short* v. *Belleville Shoe Mfg. Co.*, 908 F.2d 1385 (7th Cir. 1990)). More specifically, "a plaintiff must plead 'the bare bones' of a fraudulent scheme, by supplying 'a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants.' The reason, of course, is that under the liberal discovery provisions of the Federal Rules of Civil Procedure, '[m]ore information can be gathered through discovery.'" *Brown* at *6 (quoting *Tomera,* 511 F.2d at 508, 509).

*See Munch*, No. 06 C 7023, Dkt. No. 120, at 5–6 (Sept. 30, 2008).

In *Munch*, the plaintiffs' alleged that (1) an "unacceptable number" of HE washers manifest defects which the plaintiffs described as electronic control board failure and water drainage failure, (2) the number of complaints Sears received about such problems was "far in excess of the number deemed acceptable by reasonable quality control," and (3) at least 1.5% of HE machine owners had experienced the defect or had mold issues. *Id.* at 7. The court found that the *Munch* plaintiffs had failed to allege (a) any relevant standard by which to measure the allegedly "unacceptable" rate of defects and problems, (b) an engineering explanation for the alleged defects, or (c) a specific point at which Sears knew of the defect in its product yet conveyed an opposite message to plaintiffs. *Id.* at 10. The court thus dismissed the plaintiffs' consumer fraud claims, holding that plaintiffs' allegations were insufficiently specific to show a deceptive practice or permit an inference of materiality. *Id.*

4

Here, the plaintiffs cite the following as particular allegations of material facts that Sears knew about but did not disclose:

> that the Machines had a *heightened risk* of failure; that the water drainage defects render the Machines *ineffective for their intended purpose*; that consumer complaints attributable to these defects were *significant*; that failures were *likely* to manifest after the expiration of warranty such that consumers were without a remedy; that there was no solution for the Mold Problems; and that Sears' omission of these material facts drove sales and was used to sell warranties and repair services.

Pls.' Resp. at 24 (emphasis added).

Here, as in *Munch*, plaintiffs' allegations are insufficiently specific to show a deceptive practice or to permit an inference of materiality, fail to identify a specific point at which the defendant clearly knew of the defect yet conveyed an opposite message to plaintiffs, and fail to provide an engineering explanation for the alleged defect.[3] Plaintiffs' consumer fraud claims, Counts III through IX, must therefore be dismissed.[4]

## II. The Breach of Warranty and Implied Warranty Claims (Counts I, II, and X-XXIII)

Sears asserts numerous grounds for dismissal of plaintiffs' warranty claims. First, Sears argues that these claims fail because plaintiffs' respective home states' warranty statutes required pre-suit notice of a breach of warranty and plaintiffs failed to plead that they provided Sears with such notice.[5] In Sears's words, "to state a claim for breach of written or implied

---

[3] The complaint states that "the [machine's] stainless steel drums, . . . among other things, play a role in the accumulation of mold and mildew within the Washing Machines by, inter alia, not fully or properly draining in connection with each and every wash cycle" and that "[a]lso playing a role in the accumulation of mold, mildew and/or foul odors is the door seal ('boot'), which, among other things, does not fully or properly drain." Consol. Compl. ¶ 25. Far from a meaningful engineering explanation for the defects, however, such allegations are, by their own terms, vague and indeterminate.

[4] Sears argues for dismissal of plaintiffs' claims under the Ohio Consumer Sales Practices Act ("CSPA"), Ohio Rev. Code. §1345.01 *et seq.*, on the ground that under the CSPA, there must be a substantial similarity between the defendant's alleged violation of the CSPA and an act or practice previously declared deceptive by either the state attorney general or a published court decision. Having found that dismissal of these claims is required on other grounds, the court need not address this argument.

[5] With respect to the MMWA claims in Counts I and II, plaintiffs contend that the MMWA creates a federal cause of action for breach of written warranty. Sears, on the other hand, argues that plaintiffs'

5

warranty, Plaintiffs must allege that they provided Sears with adequate notice as defined by the law of their respective home states, and *must plead facts* showing that such notice was timely given following each Plaintiff's discovery of the breach." Defs.' Mem. at 20 (emphasis added). Most of the authorities on which Sears relies are state court decisions applying state law standards. For example, Sears cites *Dunham-Bush, Inc.* v. *Thermo-Air Service, Inc.*, 351 So. 2d 351 (Fla. App. Ct. 4th Dist. 1977), in support of its argument that "[p]laintiff . . . is required to 'set forth factual allegations designating the basis' for each element of his claim for breach of warranty, including, '[n]otice to seller of breach.'" Def.'s Mem. at 30 (quoting *Dunham-Bush*, 351 So. 2d at 352–53).

It is well established, however, that under Rule 8 of the Federal Rules of Civil Procedure, "when federal courts entertain claims under state law . . . it is not necessary to plead facts matching elements of legal theories." *Christensen* v. *County of Boone, IL*, 483 F.3d 454, 466 (7th Cir. 2007). Indeed, Sears has cited no federal authority for the proposition that pleading adequate notice is required to survive a motion under 12(b)(6), and the two federal cases Sears does cite suggest the opposite conclusion. In the first case, *Barlow* v. *DeVilbiss Co.*, 214 F. Supp. 540, 544 (E.D. Wis. 1963), the court held merely that "*summary judgment* must be granted as to this plaintiff insurer as well as to the individual plaintiffs on the . . .

---

respective home state's laws apply to those claims. In support of this argument, Sears relies primarily on *Walsh* v. *Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1986), where the D.C. Circuit reviewed a district court's conditional certification of a nationwide class of automobile owners whose vehicles allegedly suffered from a transmission defect. *Id.* at 1001. The appellate court reversed and remanded, holding that "except in the specific instances in which Magnuson-Moss expressly prescribes a regulating rule, the Act calls for the application of state written and implied warranty law, not the creation of additional federal law" and instructing the district court to "reexamine whether variations in State law prohibit a finding of predomination for common questions of law." *Id.* at 1012 (internal quotation marks omitted). Here, however, the court is addressing not a motion for class certification but a motion to dismiss, which does not require a determination of whether variations in state law prohibit a finding of predomination. The court thus need not decide at this juncture whether the laws of the states or federal common law are applicable to plaintiffs' claims for breach of written warranty under the MMWA.

ground that no notice of a claim for damages for breach of warranty was given to the defendant within a reasonable time." *Id.* at 544 (emphasis added).

In the second case, *Pritchard* v. *Liggett & Myers Tobacco Co.*, 134 F. Supp. 829 (W.D. Pa. 1955), the defendant moved to require the plaintiff to plead the date on which he gave the defendant written notice of the alleged breach of warranty, as well as how long after his knowledge of the breach he gave such notice. *Id.* at 831–32. As Sears points out, the court in *Pritchard* stated that "the requirement of notice within a reasonable time is a condition precedent to plaintiff's right of recovery, as to which plaintiff has the burden of proof." *Id.* at 831. Defendant neglects to mention, however, that the court denied defendant's motion for a more definite statement, explaining that although "[w]hat defendant seeks is to require plaintiff to plead facts with sufficient particularity that it may affirmatively appear that he has or has not given reasonable notice," the "Federal Rules of Civil Procedure rejected the theory of fact pleading and adopted the theory of notice pleading." *Id.* at 832. Like the defendant in *Pritchard*, Sears seeks to hold plaintiffs to a fact-pleading standard that is inapplicable in federal court.

As Sears notes, although there are differences among the various states' warranty statutes, they all "derive from section 2-607 of the Uniform Commercial Code."[6] Def.'s Mem. at 20. In ruling on Sears's first motion to dismiss in *Munch*, the court held that under the Illinois warranty statute, for example, "[a] notification of a breach of the warranty is sufficient if it lets the seller know that the particular transaction is still troublesome and must be watched," and that "[t]here are no particular words which must be used to constitute an

---

[6] In a footnote, defendant argues that "the 50 states and the District of Columbia have developed markedly differing standards as to what constitutes sufficient notice to the seller." Def.'s Mem. at 20 n.13. In light of the liberal pleading standards of Rule 8, however, such differences between the states' standards are immaterial to this motion to dismiss.

7

adequate form of notice." *Munch*, No. 06 C 7023, Dkt. No. 64, at 11–12 (internal quotation marks and citations omitted). Here, as in *Munch*, the plaintiffs allege that they notified Sears that there were problems with their machines and requested that Sears remedy the problems. These allegations are sufficient to withstand defendant's motion to dismiss.

Third, Sears argues that plaintiffs' written warranty claims fail because they have not alleged a violation of any specific warranty provision. In response, plaintiffs cite their allegations that Sears violated a number of express written warranties: (1) the machine's "limited lifetime warranty on the steel drum," (2) the "one-year warranty for mechanical and electrical parts," (3) the "two-year warranty on the SENSOR SMART control board," (4) the "five-year warranty on gearcase parts," and (5) the "ten-year warranty on the plastic tub." Consol. Compl. ¶ 22. Plaintiffs' breach of written warranty allegations meet the notice-pleading requirements of Rule 8 and are therefore sufficient to survive Sears's motion to dismiss.

Fourth, Sears argues that the breach of written warranty claims of six of the nine plaintiffs fail because they did not allege that they have operated their washers in accordance with the owner's manual's instructions. Specifically, Sears asserts that the machines' limited warranties state that they apply only when the washers are operated according to the instructions in the owner's manual and expressly provide that the use of non-high efficiency detergent will void the warranty. Sears thus contends that plaintiffs' failure to "allege that they properly maintained their machines in accordance with the owner's manual . . . [or] that they used only high-efficiency detergent" requires dismissal of their breach of warranty claims. Def.'s Mem. at 35. Such arguments are plainly inappropriate.

Sears's motion to dismiss plaintiffs' state-law claims for breach of written or implied warranty claims is therefore denied.

**III. The Unjust Enrichment Claims (Counts XXIV–XXX)**

Sears argues that plaintiffs' claims for unjust enrichment should be dismissed because they resemble those in the consolidated amended complaint in *Munch*, which the court recently dismissed pursuant to Rule 12(b)(6). *See Munch*, No. 06 C 7023, Dkt. No. 120 (Sept. 30, 2008). As the court explained in the September 30, 2008 memorandum opinion, in order to prevail on a claim for unjust enrichment in Illinois, the plaintiff must show either that (1) a benefit that should have been given to the plaintiff was mistakenly given to the defendant instead; (2) the defendant obtained a benefit through some type of wrongful conduct; or (3) the plaintiff had a better claim to the benefit than the defendant for some other reason. *See HPI Health Care Servs., Inc.* v. *Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679, 131 Ill. 2d 145, 137 Ill. Dec. 19 (1989).

Here, much as in *Munch*, plaintiffs' unjust enrichment claims are based on their allegations of "an ongoing scheme of concealment, deception, omission, and profiteering," Pls.' Resp. at 44, and concededly fall into the second category of unjust enrichment claims. Because these claims, like those in *Munch*, sound in fraud and are premised on the same core of allegations as plaintiffs' consumer fraud claims, the particularity requirements of Rule 9(b) apply. As discussed above, plaintiffs have failed to plead such allegations with the specificity required. Plaintiffs' unjust enrichment claims, Counts XXIV–XXX, must therefore be dismissed.[7]

---

[7] In light of this ruling, the court need not address Sears's further argument that plaintiffs cannot assert a claim for unjust enrichment based on events arising wholly from of an express contract.

## CONCLUSION AND ORDER

For the foregoing reasons, defendant's motion to dismiss is granted in part and denied in part. Plaintiffs' consumer fraud claims (Counts III through IX) and their unjust enrichment claims (Counts XXIV to XXX) are dismissed. The motion to dismiss is denied as to plaintiffs' breach of written or implied warranty claims (Counts I, II, and X to XXIII).


Dated: January 30, 2008          ENTER: _____
                                         JOAN HUMPHREY LEFKOW
                                         United States District Judge